UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:09CV63-J

CHRISTOPHER PIERCE                                                                                    PLAINTIFF

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                                    DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court is claimant Christopher Pierce's Complaint seeking judicial review of the unfavorable decision rendered by the defendant Commissioner denying his claim for Disability Insurance ("DIB") and Supplemental Security Income Benefits ("SSI"). After examining the administrative record, the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision is supported by substantial evidence and must be upheld.

PROCEDURAL HISTORY

Plaintiff filed applications for DIB and SSI benefits on July 27, 2005, alleging that he became disabled on January 1, 2002 at age 27 from problems with nerves, anxiety, gallbladder surgery, and abdominal pain (Tr. 67). Following a hearing at which both plaintiff and a vocational expert testified, Administrative Law Judge Roland D. Mather ("ALJ") found that the claimant has severe impairments of anxiety disorder and depression. However, the ALJ found that plaintiff remains capable of performing work at all exertional levels with some nonexertional limitations, stating:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: moderate

> difficulty in maintaining social functioning and moderate difficulties in maintaining concentration, persistence or pace. The claimant retains the mental residual functional capacity to understand, remember simple instructions, to sustain the attention for extended period of two hour segments for simple tasks, to tolerate co-workers, supervisors in a non-public setting, and to adapt to changes as needed within the above parameters.

Plaintiff appeals from this unfavorable decision.

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by an error of law, and to determine whether substantial evidence supports the decision of the Commissioner, 42 U.S.C. §405(g); Elam ex. Rel. Golay, v. Commissioner, 348 F.3d 124, 125 (6th Cir. 2003). Where the Commissioner's decision is supported by substantial evidence, the reviewing court must affirm, Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion, Kirk v. Secretary of HHS, 667 F.2d 524 (6th Cir. 1981); Jones v. Secretary of HHS, 945 F.2d 1365 (6th Cir. 1991).

The substantiality of the evidence is to be determined based upon a review of the record taken as a whole, not simply some evidence, but rather the entirety of the record to include those portions that detract from its weight, Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984). So long as the decision of the Commissioner is supported by substantial evidence, it must be upheld by the court even thought the record might support a contrary conclusion, Smith v. Secretary of HHS, 893 F.2d 106, 108 (6th Cir. 1989). The substantial evidence standard "presupposes that there is a zone of choice within which decision makers can go either way, without interference from the courts," Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).

Plaintiff argues that the ALJ failed to properly evaluate the opinion of the treating psychiatric nurse practitioner in formulating the RFC and erred by relying upon the state agency physician's opinions in formulating findings pertaining to mental limitations.

## ANALYSIS

Plaintiff's arguments pertain to the ALJ's residual functional capacity findings. He first objects to the ALJ's analysis of the opinions given by nurse practitioner Nancy Barrett, noting that the ALJ mentions the assessment but does not explain the weight afforded to the opinion. Second, claimant asserts that the ALJ improperly relied upon the assessment from a state agency physician in formulating the RFC. In a Medical Assessment of Ability to Do Work-Related Activities (Mental) form dated May 1, 2007, Nurse Barrett opined that claimant has good ability to follow work rules, use judgement, interact with supervisors and function independently. He has only fair abilities to relate to co-workers, deal with the public and work stresses, and maintain attention/concentration. Additionally, she noted that he would have only fair abilities to remember and carry out complex, detailed and even simple job instructions. Finally, she indicated that claimant would have good ability to maintain personal appearance and relate predictably in social situations, but only fair ability to behave in an emotionally stable manner and to demonstrate reliability (Tr. 269-270). Relying upon SSR 06-03p, claimant argues that the ALJ erred by not explaining the weight given to Nurse Barrett's opinions.

The Court concurs with the Commissioner's position that the assessment is not a medical opinion from an acceptable medical source, but rather it is an "other source" opinion. While the ALJ should have explained the weight he gave to this "other source" opinion, it is clear from the decision that the ALJ did consider it along with Ms. Barrett's treatment records, and other evidence of record.

3

The Commissioner posits that the ALJ implicitly rejected her assessment, and then goes on to explain why the assessment was not entitled to much weight, noting that it was not supported by objective evidence nor was it consistent with the overall record.

The Court finds that while the ALJ did not explicitly weigh Ms. Barrett's opinions in his decision, it is clear that he did consider the assessment in weighing the evidence of record. The Court has independently reviewed the evidence and finds that the limitations contained in Ms. Barrett's assessment are not supported, nor are they consistent with the claimant's reported activities. In addition, the records reveal that claimant is reluctant to express any improvement in his situation, and he lacks motivation to improve. While there are numerous references to GAF scores of 50 or below, this Court puts little stock in GAF scores as they are a poor tool for determining an individual's ability to engage in substantial gainful employment. For example, occupational functioning is only one of three fields considered in assessing a GAF, and some factors that might result in a low GAF would be largely irrelevant to occupational capacity (for example, suicidal ideation).

Claimant's second argument is that the ALJ erred by giving great weight to the state agency reviewing psychologist in formulating the claimant's RFC. Residual functional capacity is an assessment of a claimant's remaining capacity for work once his or her limitations have been taken into account, Howard v. Commissioner, 276 F.3d 235, 239 (6th Cir. 2002). Residual functional capacity is what a claimant can still do on a sustained, regular, and continuing basis, Cohen v. Secretary of HHS, 964 F.2d 524 (1992). A claimant bears the burden of proof in establishing his or her residual functional capacity, Her v. Commissioner, 203 F.3d 388, 391-392 (6th Cir. 1999). While the determination of a claimant's RFC is "reserved to the Commissioner," it should be based

upon the medical and non-medical evidence as a whole. 20 C.F.R. §416.927(e)(2).

Claimant argues that the ALJ should not have relied upon the opinion from the state agency reviewing psychologist Dr. Cutler, as she did not review the entire record and did not have the benefit of Ms. Barrett's assessment. As noted above, there are legitimate reasons for not accepting Ms. Bennett's prescribed limitations. While it is true that Dr. Cutler did not have the benefit of reviewing records after January 16, 2006, the ALJ was able to review the records in their entirety and was in a position to determine that the evidence dated after Dr. Cutler's assessment was consistent with that assessment. The ALJ relied upon the medical evidence that was best supported in formulating the claimant's residual functional capacity. The claimant has failed to establish functional limitations greater than those set forth in the ALJ's RFC determination.

## CONCLUSION

The ALJ's decision is supported by substantial evidence and will not be disturbed by this Court. A Judgment in conformity with this Memorandum Opinion has this day entered.

5